UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CESAR HERNANDEZ, JOSE ARGUETA, PEDRO LAINEZ, FRANKLIN MARTINEZ, MAURO SALAS, MARIANO ESCOBAR HERNANDEZ, and FITHGERALD KWABENA SEKYERE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HILLSIDE CAR CARE, INC. d/b/a HILLSIDE CAR WASH AND 10 MINUTE OIL CHANGE, BALJIT SINGH, and SABIN SINGH,<br><br>Defendants. | Civil Action No. 2:24-cv-09038-SDW-AME<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF COLLECTIVE SETTLEMENT** |

The Court, having considered Plaintiffs' unopposed Motion for Final Approval of Settlement, Awards of Attorneys' Fees, Costs, and Expenses, Approval of Service Payments to the Service Awardees, and Payment of the Settlement Claims Administrator's Costs and Expenses ("Motion"), and all other materials properly before the Court, having conducted an inquiry pursuant to Section 216(b) of the Fair Labor Standards Act, and having conducted an in-person fairness hearing on January 8, 2026, hereby finds and orders as follows:

1. The Court has jurisdiction over the subject matter of this action.

2. The Joint Stipulation of Settlement and Release, including the exhibits thereto (ECF No. 20-6, the "Settlement Agreement"), is hereby granted final approval. The defined terms as set forth in the Settlement Agreement are incorporated herein. The Court finds that the Settlement was the product of arm's-length negotiations between experienced counsel under the supervision of Magistrate Judge André M. Espinosa.

3. All Potential Opt-Ins who have consented in writing to become party plaintiffs to

1

this action are subject to and bound by the Settlement Agreement, including the terms of the releases set forth therein.

4.     There were no objections raised with the Court prior to the fairness hearing on January 8, 2026, nor did any party raise objections at the hearing itself.

5.     The form and content of the notice and notice procedure satisfied the requirements of 29 U.S.C. § 216(b) and adequately put class members on notice of the proposed settlement.

6.     The Court certifies, for settlement purposes only, the following class ("Class") under 29 U.S.C. § 216(b):

> Plaintiffs and individuals who perform or have performed work for Hillside by performing non-managerial car-wash-related work from August 6, 2019 through July 2, 2025.

7.     Defendants shall fund the Settlement Fund established by the Settlement Claims Administrator in the amount of Six Hundred Fifty Thousand Two Hundred Twenty Seven Dollars and Twelve Cents ($650,227.12) consisting of the payments to all Qualified Claimants, approved Attorneys' fees and costs, approved Administrator costs, and approved Service Awards. In addition, Defendants shall fund the Settlement Fund in the amount necessary to pay the Employer's share of payroll taxes associated with payments to the Qualified Claimants.

8.     Plaintiffs' Counsel's request for reasonable attorneys' fees in the amount of Two Hundred and Thirty-Three Thousand, Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($230,333.33) is granted and shall be funded in accordance with paragraphs 7 and 12 hereof.

9.     Plaintiffs' Counsel's request for reimbursement from the Settlement Fund for their out-of-pocket litigation costs and expenses in the amount of Three Thousand Six Hundred Thirty Dollars and Fifty One Cents ($3,630.51) is granted and shall be funded in accordance with paragraphs 7 and 12 hereof.

10.    Plaintiffs' Counsel's request for Service Awards totaling Fifteen Thousand Dollars

and No Cents ($15,000.00) is granted and shall be funded in accordance with paragraphs 7 and 12 hereof.

11. The Court grants the Administrator reasonable fees and costs incurred in administering the settlement in an amount of Four Thousand Two Hundred Twelve Dollars and Twenty Five Cents ($4,212.25) which shall be paid from the Settlement Fund and shall be funded in accordance with paragraphs 7 and 12 hereof.

12. Defendants shall fund the settlement in accordance with the Settlement Agreement and with the approvals set forth herein within five (5) business days following the date this Order becomes final and non-appealable. Thereafter, Administrator shall distribute the settlement proceeds pursuant to the terms of the Settlement Agreement.

13. The Settlement is hereby approved as a fair and reasonable compromise of the disputed claims pursuant to 29 U.S.C. § 216.

14. Nothing relating to this Order, or any communications, papers, or orders related to the Settlement shall be cited to as, construed to be, admissible as, or deemed an admission by Defendants of any liability, culpability, negligence, or wrongdoing toward Plaintiffs, the FLSA collective members, the Class Members, or any other person, or that Class or Collective action certification is appropriate in this or any other matter. There has been no determination by any Court as to the merits of the claims asserted by Plaintiffs against Defendants or as to whether a class or collective should be certified, other than for settlement purposes only.

15. The Court shall retain exclusive and continuing jurisdiction over the interpretation and implementation of the Settlement Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of the Settlement Agreement and this Final Approval Order.

16. This action is hereby dismissed with prejudice upon entry of final judgment and in

accordance with the Settlement Agreement and this Final Approval Order.

17. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

18. The Clerk of the Court is respectfully directed to close this case.

It is so ORDERED this 8th day of January, 2026.

_____
Hon. Susan D. Wigenton, U.S.D.J.